T.C. Summary Opinion 2008-52


UNITED STATES TAX COURT


ZENEBE WOROTA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25901-06S.                    Filed May 19, 2008.


Zenebe Worota, pro se.

<u>Catherine L. Campbell</u>, for respondent.


GERBER, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect

when the petition was filed.  Pursuant to section 7463(b),[1] the

decision to be entered is not reviewable by any other court, and

this opinion shall not be treated as precedent for any other

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.

case. Respondent determined a $5,025 income tax deficiency for petitioner's 2005 tax year. In part the deficiency was attributable to the disallowance of three dependency exemptions, an earned income credit, and a child tax credit. We consider whether respondent's determination was in error as petitioner alleges.

## Background

The parties' stipulated facts and exhibits are incorporated by this reference. Petitioner resided in the State of Washington when his petition was filed. He operated a taxi in Seattle, Washington, during 2005. In May 2005 petitioner's sister-in-law, niece, and nephew (relatives) traveled from Ethiopia to Washington with the intent to reside permanently in this country. They arrived under a visa, and a green card was issued for petitioner's sister-in-law. Before May 2005 petitioner supported his relatives by sending money to Ethiopia. Petitioner's sister-in-law, niece, and nephew were born in Ethiopia in 1964, 1993, and 1996, respectively. Each applied for and received a U.S. Social Security number, which petitioner reported on his return in connection with his claim that they were his dependents and/or in connection with claiming tax credits.

Beginning June 1 through December 31, 2005, petitioner rented an apartment in which he and his relatives resided. Although his relatives applied for assistance from the Washington

State Department of Social and Health Services, it does not appear that any relief was granted during 2005. Petitioner provided most of his relatives' support, including their shelter, food, clothing, educational, and medical expenses. Petitioner's sister-in-law entered a program to learn English, and his niece and nephew attended public schools in the Seattle/Tacoma, Washington, school districts. In the niece's and nephew's official school records, petitioner and his sister-in-law were shown as the children's "parent/guardian".

## Discussion

Petitioner claimed dependency exemptions for his three relatives, earned income credits, and child credits, all of which respondent disallowed. The question of whether petitioner was entitled to the exemptions and credits is governed by the status of his relatives; i.e., whether they were qualified dependents. For 2005, section 151(c) provides for dependency exemptions for dependents, as defined in section 152. Section 152(a) defines a dependent as either a qualifying child or a qualifying relative.[2]

In order for petitioner's sister-in-law, nephew, and niece to be qualifying relatives, they each must: (1) Have a Social Security or tax identification number that was reported on the

---

[2] The Working Families Tax Relief Act of 2004, Pub. L. 108-311, sec. 201, 118 Stat. 1169, provided for a generally unified definition of a "qualifying child" for purposes of the exemption and the credits under consideration in this case.

Form 1040, U.S. Individual Income Tax Return, sec. 151(e); (2) be a citizen or resident of the United States or a country contiguous to the United States, sec. 152(b)(3); (3) not have filed a joint return with a spouse, sec. 152(b)(2); (4) meet a relationship and support test; and (5) have the same principal place of abode for more than one-half of the year for the children.

Respondent conceded that all three relatives meet the first and third tests, in that they obtained Social Security numbers that were reported on petitioner's Form 1040 for 2005 and because none of the relatives filed tax returns for 2005. Respondent contends that they did not meet the other requirements to be qualifying relatives. Respondent's contention is based on the argument that petitioner did not show that his relatives met the other tests.[3] In particular, respondent argued that the relatives did not intend to remain in the United States and that they, in fact, left this country during January 2006. Conversely, petitioner's evidence shows that the three relatives came to this country with the intent to remain. His sister-in-law began classes to learn English, and the niece and nephew were enrolled in public school. In addition, the reason for the relatives' return to Ethiopia in January 2006 was the death of

---

[3] There is no question in this case about the burden of proof or production.

petitioner's brother, who was the husband and/or father of the relatives. Petitioner's evidence establishes that the relatives were residents of the United States.

Regarding whether petitioner's relatives were within the categories that would make them qualifying relatives for purposes of the statute, the record supports our finding that these individuals were petitioner's sister-in-law, niece, and nephew, all of whom meet the relationship tests of section 152. Further, the record supports our finding that petitioner provided more than one-half of his sister-in-law's support and that his niece and nephew did not provide over one-half of their own support.

Finally, the record supports our finding that petitioner's niece and nephew lived with him for more than one-half of the taxable year, see sec. 152(c)(1)(B), and were both under age 19, see sec. 152(c)(3)(A).

Although petitioner's sister-in-law met the tests[4] for being a qualified relative (as opposed to a qualified child), she must also have gross income of less than $3,200. See sec. 151(d). Accordingly, we hold that petitioner is entitled to claim his sister-in-law as his dependent for the 2005 tax year.

Petitioner's niece and nephew meet all the tests and are qualified children for purposes of the dependency exemption, earned income credit, and child tax credit, and we so hold.

---

[4] She is a qualified relative under sec. 152(d)(2)(G).

To reflect the foregoing,

Decision will be entered

for petitioner.